```
                     UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

Douglas F. Kydd, individually
and as Administrator of the
Estate of Lora Beth Kydd; and
Amica Mutual Insurance Co.,
as subrogee of Douglas F. Kydd

   v.                                            Civil No. 12-cv-403-SM

Maple Leaf Homes


## REPORT AND RECOMMENDATION

     This case arises out of a house fire that took the life of Laura Kydd and damaged the manufactured home she shared with her husband, Douglas.  The home was designed and manufactured by Maple Leaf Homes ("Maple Leaf").  Kydd, along with the insurer of the home, Amica Mutual Insurance Co. ("Amica"), initially sued Maple Leaf in four counts.  Both plaintiffs asserted claims for negligence (Count I) and strict liability (Count IV), while Kydd also asserted claims for wrongful death (Count II) and loss of consortium (Count III).  Before me for a report and recommendation is a motion for leave to file an amended complaint in which plaintiffs seek to: (1) add Amica as a plaintiff on the claims for wrongful death and loss of consortium; and (2) add two new claims, for breach of contract

and breach of warranties, asserted by both plaintiffs. Maple Leaf objects. Plaintiffs have not replied to Maple Leaf's objection. For the reasons that follow, I recommend that Judge McAuliffe deny plaintiffs' motion for leave to amend.

## Background

Plaintiffs initially filed this action on October 19, 2012. They filed their motion for leave to file an amended complaint nearly one year later, on October 10, 2013. They base their motion on the following assertion: "Consistent with discovery conducted to date, including the deposition of plaintiff Douglas F. Kydd, it has become apparent that Plaintiffs have viable claims for breach of contract and breach of warranty." Pl.'s Mot. for Leave to File Am. Compl. (doc. no. 11) ¶ 2.

## The Legal Standard

"It is common ground that leave to amend should be 'freely give[n]' in circumstances in which 'justice so requires.'" Calderón-Serra v. Wilmington Trust Co., 715 F.3d 14, 19 (1st Cir. 2013) (quoting Fed. R. Civ. P. 15(a)(2)). However, the foregoing "rule does not mean that 'a trial court must mindlessly grant every request for leave to amend.'"

Manning v. Bos. Med. Ctr. Corp., 725 F.3d 34, 60 (1st Cir. 2013) (quoting Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 58 (1st Cir. 2006)).  "Leave to amend is appropriately denied when, inter alia, the request is characterized by undue delay, bad faith, futility, [or] the absence of due diligence on the movant's part."  Manning, 725 F.3d at 60-61 (quoting Calderón-Serra, 715 F.3d at 19 (1st Cir. 2013); citing Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006)) (internal quotation marks omitted).

In this context, "'[f]utility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."  Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) (citing 3 Moore's Federal Practice ¶ 15.08[4], at 15-80 (2d ed. 1993); Vargas v. McNamara, 608 F.2d 15, 17 (1st Cir. 1979)).  Thus, when "reviewing for 'futility,' the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion."  Glassman, 90 F.3d at 623 (citation omitted).  "Futility of the amendment constitutes an adequate reason to deny the motion to amend."  Smith v. Dorchester Real Estate, Inc., 732 F.3d 51, 75 (1st Cir. 2013) (quoting Todisco v. Verizon Commc'ns, Inc., 497 F.3d 95, 98 (1st Cir. 2007)).

**Discussion**

Maple Leaf objects to plaintiffs' motion on grounds of undue delay and futility.  Both arguments are meritorious.

"Appreciable delay alone, in the absence of good reason for it, is enough to justify denying a motion for leave to amend." Calderón-Serra, 715 F.3d at 20 (citing Kay v. N.H. Dem. Party, 821 F.2d 31, 34 (1st Cir. 1987)).  "[W]hen 'a considerable period of time has passed between the filing of the complaint and the motion to amend, courts have placed the burden upon the movant to show some valid reason for his neglect and delay." Nikitine v. Wilmington Trust Co., 715 F.3d 388, 390-91 (1st Cir. 2013) (quoting Hayes v. N.E. Millwork Distribs., Inc., 602 F.2d 15, 19-20 (1st Cir. 1979)).

Here, the 356 days that separate the filing of plaintiffs' complaint and the filing of their motion for leave to amend that complaint constitute a considerable period of time.  See Calderón-Serra, 715 F.3d at 20 (affirming denial of motion to amend, based upon undue delay, when "the motion for permission to file a second amended complaint was not filed until nearly a year after the commencement of the action"); Nikitine, 715 F.3d at 390-91 (affirming denial of motion for leave to amend when motion was filed nine months after complaint); Villanueva v.

4

United States, 662 F.3d 124, 127 (1st Cir. 2011) (per curiam) (affirming finding of undue delay when four months had elapsed); Kay, 821 F.2d at 34 (affirming finding of undue delay when three months had elapsed).

The considerable period of time between the filing of the original complaint and the motion for leave to amend it places the burden on plaintiffs "to show some valid reason for [their] neglect and delay." Nikitine, 715 F.3d at 390-91 (citation omitted). They cannot do so. Their only attempt to explain their delay is a vague reference to information uncovered at the plaintiff's deposition. If plaintiffs were arguing that something in the discovery they received from Maple Leaf inspired them to try to amend their complaint, that might be a valid reason for their delay in moving for leave to amend. But here, the basis for plaintiffs' motion is Kydd's own deposition, and if that deposition did make this "a case of . . . previously unearthed evidence surfacing," id. at 391 (quoting Villanueva, 662 F.3d at 127), one must presume that Kydd's deposition was not the first opportunity his counsel had to unearth the evidence that surfaced at that deposition. In short, plaintiffs' counsel's apparent failure to learn the factual basis for the proposed breach-of-contract and breach-of-warranty

claims until Maple Leaf deposed Kydd is not a valid excuse for plaintiffs' delay in seeking leave to amend their complaint.

Plaintiffs' undue delay is a sufficient basis for denying their motion.  See Calderón-Serra, 715 F.3d at 20.  Even if their delay were excusable, however, most of their proposed amendments also suffer from a futility problem.  First of all, the proposed amended complaint alleges no facts that would support either a wrongful-death claim or a loss-of-consortium claim asserted against Maple Leaf by Amica, the company that provided the Kydds with homeowner's insurance.  That is, plaintiffs have not alleged that Amica ever provided coverage for Lora Kydd's death or Douglas Kydd's loss of consortium. And, because plaintiffs did not reply to Maple Leaf's objection, they have failed to identify any legal basis for the two new claims Amica seeks to assert.  Accordingly, it would be futile to amend plaintiffs' complaint to add Amica as a plaintiff to the wrongful-death and loss-of-consortium claims stated in Counts II and III.

The proposed breach-of-contract claim is not on solid ground either.  While plaintiffs allege that the Kydds "purchased and/or ordered a modular residential home from the defendant," Am. Compl. (doc. no. 11-1) ¶ 9, they say nothing

about either the existence of a contract that may have governed the alleged purchase/order or the relevant terms of any such contract. Those omissions are fatal to a breach-of-contract claim. See Smith, 732 F.3d at 75 ("Smith's amendment was futile because he failed to allege that he entered into a valid contract with either mortgage broker.") (citing Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006)). Finally, plaintiffs' breach-of-warranty claim does not appear to be as facially deficient as the breach-of-contract claim but, even if that claim were not futile, it is doomed by the untimeliness of plaintiffs' motion for leave to amend.

## Conclusion

Because plaintiffs' motion for leave to amend, document no. 11, is untimely, and plaintiffs have offered no valid reason for waiting so long to file it, I recommend that Judge McAuliffe deny the motion.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch.

Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

                                     _____
                                     Landya McCafferty
                                     United States Magistrate Judge

November 13, 2013

cc:   Anthony J. Antonellis, Esq.
       Tierney M. Chadwick, Esq.
       John A. Donovan, III, Esq.
       Christopher James Pyles, Esq.